## COHEN v. MITCHELL and Others.

### No. 9357; January 27, 1886.

#### 9 Pac. 649.

**Appeal.—Where There is a Conflict in the Evidence**, the judgment will not be reversed on the ground that the findings are not supported by the evidence.

**Adverse Possession.—Findings Reviewed, and Held not Supported** by the evidence.[1]

APPEAL from Superior Court, County of Calaveras.

Lloyd & Wood for appellant; E. A. Rogers, John A. Wright and McAllister & Bergin for respondents.

BELCHER, C. C.—On the eleventh day of November, 1873, Cohen owned one-third and Mitchell two-thirds of the Bonny placer mine. Cohen had become indebted to Mitchell in the sum of five thousand dollars, and on that day, for the expressed consideration of that sum of money, conveyed to him his one-third interest by a deed absolute in form. The deed was intended to be only a mortgage, as is clearly shown by the paper executed by Mitchell on the 24th of January, 1874, wherein he declares that he holds the title to the undivided third of the mine in trust for Cohen, and agrees to reconvey

---

1 Cited and followed in Warder v. Enslen, 73 Cal. 295, 14 Pac. 876, where, in the case of a deed, in form absolute, intended as a mortgage, it was held that the grantee's possession must be adverse for five years after breach of condition in order to bar the grantor from his action to redeem.

it to him upon payment of his indebtedness of five thousand dollars, with interest thereon from the eleventh day of November, 1873, until paid, at the rate of one per cent per month, the payment to be made upon demand; and, if not so made, that judgment should be obtained for the amount found due, and three per cent counsel fees, with costs of suit for foreclosure, should be included in the judgment. Upon this paper Mitchell made an indorsement, some time in the summer of 1875, as follows: "I hereby agree to extend the within document for one year, or till the claim is sold." Mitchell died on the eighth day of February, 1882, no reconveyance having been made to Cohen, and this action was commenced on the eighteenth day of April, 1882. In the complaint it is alleged that after the conveyance of November 11, 1873, Mitchell held the legal title to the one-third interest in the mine, in trust for the plaintiff, and was to reconvey it to the plaintiff upon payment by him to Mitchell of the sum of five thousand dollars, with interest thereon at the rate of one per cent per month; that he (plaintiff) had before Mitchell's death paid to him the full amount of the five thousand dollars and interest, and was entitled to a reconveyance, but by his consent Mitchell continued to hold the legal title in trust for him, and so held it at the time of his death. The prayer is for a judgment that plaintiff is the owner of a one-third interest in the mine, and that the defendants be required to execute to him a good and sufficient deed therefor. The defendants, by their answer, deny that any part of the five thousand dollars, or the interest thereon, was ever paid by Cohen to Mitchell, and they allege that his cause of action is barred by the provisions of section 346 of the Code of Civil Procedure. The court below found that no part of the debt had ever been paid, and that since the 11th of July, 1876, and until the eighth day of February, 1882, Mitchell had been in the sole and exclusive possession and ownership of the Bonny mine, holding and claiming the same during all that time adversely to Cohen.

1. There was testimony tending to show that the debt had not been paid, and we cannot reverse the judgment upon the ground that the finding upon this question was not justified by the evidence.

2. Section 346 of the Code of Civil Procedure reads as follows:

"An action to redeem a mortgage of real property, with or without an account of rents and profits, may be brought by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for five years after the breach of some condition of the mortgage."

After carefully reading all the testimony presented in the transcript, we are unable to find anything to justify the finding that Mitchell continuously maintained an adverse possession of the mortgaged premises for five years before his death. Mitchell was at the mine in Calaveras county, managing and working it, and Cohen was in San Francisco. From 1875 to 1880 frequent correspondence was kept up between them in reference to the working of the mine, cleaning up the gold, procuring and paying for supplies, trying to find a purchaser, etc. In none of the letters do we see any evidence of an adverse holding by Mitchell, but, on the contrary, the most intimate and friendly relations seem to have been maintained between them. In July, 1876, Mitchell wrote to Cohen, and, speaking of getting pipe needed in the mine said: "Now I leave it to you whether we get Smith or Wing to make it. The sooner we get it the better." In July, 1877, Mitchell wrote, and, speaking of the sale of the mine, said: "I have received yours of the 10th, and one letter from Mr. Eells. He says he has made sale, and getting his business fixed as fast as he can; and I think we should give him a little time, as it would ruin him for us to make other arrangements. I would take pleasure in showing anyone our claim, but could not go into arrangements with anyone else for a little while."

In December, 1877, Mitchell wrote, and after saying that he had not heard a word from Eells for a long time, and he supposed he had failed in his undertaking, he said: "We will have to raise some money on the claim, or some other way, for I must have some to work with, for I cannot afford to wait any longer to make sale of the claim. So please think about it, so as we get at the best plan to get it."

In March, 1878, he wrote: "I heard from Mr. Eells about a week ago, and he said he had his company formed, and I expect to see him soon, or hear from him again."

In February, 1880, he wrote: "Mr. Kline has been here, and I showed to him the claim, and he has returned, and I expect you have seen him and found out what he thinks of it, and what he expects to do."

On the twenty-second day of August, 1877, Mitchell and Cohen signed a paper, in which they recited that on the eighth day of February, 1877, they had agreed in writing to sell and convey unto John S. Eells, upon certain terms and conditions, the Bowling Green and Bonny mining claims, and had extended the time for the performance of the terms of the agreement until the first day of November, 1877, and then agreed if the sale should be effected to pay back to Eells a large percentage of the purchase money.

Mrs. Mitchell was called as a witness for the defendants, and testified that in December, 1876, she heard her husband say to Cohen, at Vallecito: "I want you to pay me the five thousand dollars, and interest you owe me, when we get cleared up." And again, in January, 1877, she heard them talking in San Francisco, and Mitchell said to Cohen: "I want you to pay me the five thousand dollars and interest you owe me." Kline, a witness called for defendants, testified that "on the second day of November, 1881, or the next day afterward, and when Mitchell had secured the conveyance of the claim from the Bonny Mining Company, he said to Cohen, in my presence: 'I have got it back, and I now demand pay for the last time.'" It is clear that this evidence—and we see nothing in conflict with it—is wholly inconsistent with any theory that Mitchell was holding the possession of Cohen's one-third of the mine adversely to him. It follows that the judgment and order should be reversed and the cause remanded for a new trial.

We concur: Searls, C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed, and the cause remanded for a new trial.