[No. 11843.   Department Two. — August 30, 1887.]

# WILLIAM J. WARDER, APPELLANT, v. WILLIAM ENSLEN, RESPONDENT.

MORTGAGE — DEED ABSOLUTE IN FORM — REDEMPTION — POSSESSION BY MORTGAGEE — ADVERSE POSSESSION. — In August, 1874, the plaintiff, for the sole purpose of securing an indebtedness due from him to the defendant, executed to the latter a deed, absolute in form, of the land in controversy. Simultaneously with the execution of the deed, the parties entered into an agreement by which the defendant promised that whenever the plaintiff could sell the land for a sum sufficient to pay the indebtedness, and should pay the same, he would reconvey the land, and the plaintiff promised upon his part that whenever he could sell the land for such amount he would do so, upon the demand of the defendant, and would pay the indebtedness and redeem the land. It was further mutually agreed that until such redemption the defendant should have the use and occupation of the land in lieu of interest on the indebtedness. In pursuance of this agreement, the defendant entered and has since been in possession of the premises. The plaintiff never made any effort to sell the land, although at any time after January, 1879, it would have sold for enough to pay the indebtedness, and the defendant never demanded that he should sell or redeem. On the 22d of January, 1885, the plaintiff offered to redeem the land, but the defendant refused. The present action is brought for a redemption. *Held,* that the defendant, having entered into the possession under the deed and agreement, exclusive of any other right, his possession did not become adverse to the plaintiff prior to his refusal of the offer to redeem.

ID. — STATUTE OF LIMITATIONS — RIGHT OF REDEMPTION WHEN BARRED. — Under section 316 of the Code of Civil Procedure, the right of a mortgagor to redeem against the mortgagee in possession is not barred, unless the latter has continuously maintained an adverse possession of the mortgaged premises for five years after the breach of some condition of the mortgage.

FINDINGS — CONFLICT IN — SPECIFIC CONTROL GENERAL. — Where there is a discrepancy between specific findings of particular facts, and findings that are general in their nature, the former must control.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion of the court.

*B. McKinne, Kittrell & Maddux, B. T. Rawlins,* and *W. H. Beatty,* for Appellant.

*Wright & Hazen,* and *W. L. Dudley,* for Respondent.

SHARPSTEIN, J.—This is an appeal from a judgment, and the contention of appellant is that the facts found by the court below are insufficient to support the judgment. It is an action to redeem a mortgage. Substantially, the court found that the plaintiff, being indebted to the defendant in the sum of $12,440.38, for the sole purpose of securing the payment of said indebtedness, executed and delivered to defendant, August 29, 1874, an instrument in form of a deed absolute, purporting to convey the premises described in the complaint, which was made by the plaintiff and accepted by the defendant as security for the payment of said sum of money, and for no other purpose whatsoever.

"Simultaneously with the execution and delivery of said instrument, and on the same day, to wit, the twenty-ninth day of August, 1874, the plaintiff and the defendant made and entered into an agreement, by the terms of which the defendant agreed to and with the plaintiff that whenever the plaintiff could sell the above-described land and premises for a sufficient sum of money to pay the defendant the amount of the aforesaid indebtedness, to wit, the sum of $12,440.38, that then the defendant would, on demand, reconvey to this plaintiff the whole of said land and premises on payment to the defendant of said sum of $12,440.38.

"And the plaintiff at the same time promised and agreed upon his part that whenever he could sell said land for a sufficient sum to pay said indebtedness to the defendant, he would, on demand of said defendant, sell said land and pay said indebtedness and redeem said land. And it was then and there further mutually agreed by and between the plaintiff and the defendant that until the sale or redemption of the said land, the defendant should have and receive the rents and profits, use and occupation, of the said land and premises, and that the same were and should be deemed equal and equivalent to any and all interest that might or could accrue

upon said sum of $12,440.38; and the defendant further
agreed to pay all taxes upon, and the cost of all necessary
repairs, and the insurance of the improvements on the
said premises; and the defendant, in consideration of
having and receiving the use and occupation, rents and
profits, of said premises, agreed that the same should be
in full payment of said interest; and defendant further
agreed, for a valuable consideration on the part of plain-
tiff, that he would pay and discharge said taxes, make
said repairs, and would at all times keep said improve-
ments fully insured.

"Thereupon, and in pursuance of said deed and agree-
ment, the defendant entered upon and has since pos-
sessed the premises."

The plaintiff never afterward made any effort to sell
the land, although it would have sold for enough to pay
the debt at any time after January, 1879; and the land
has not been sold, and no part of the indebtedness has
been paid.

The defendant has never at any time demanded of
plaintiff that he should sell or redeem said land.

On the twenty-second day of January, 1885, the plain-
tiff offered to pay said sum of $12,440.38 to defendant on
condition that he would convey said land to plaintiff,
plaintiff then having said money in a bank subject to
his order. Defendant waived the actual production of
said money, and demanded that plaintiff exhibit evi-
dence of the alleged indebtedness, which plaintiff refused
to do, or to state whether any existed.

The defendant did not enter into the possession of
said premises under claim of title exclusive of other
right, founding such claim upon said deed from plain-
tiff, but he entered into the possession under and in pur-
suance of said agreement, to hold the same as security
for said debt; and he never, at any time prior to Janu-
ary 22, 1885, gave the plaintiff notice that he, defendant,
claimed the land as his own, or denied the right of plain-

tiff to redeem the same, except so far as his, defendant's, possession under said agreement, after the said land had become salable for enough to pay said indebtedness, was notice of an adverse holding.

The court further finds the defendant has, ever since the twenty-ninth day of August, 1874, been in the exclusive possession of said land, and ever since January 1, 1879, holding the same adversely to the plaintiff, under claim of title under said deed, and at all times asserted said right when called upon to disclose his claim respecting said land.

And also finds plaintiff's cause of action is barred by the provisions of section 346, and of sections 319, 322, and 343, Code of Civil Procedure.

The findings of an adverse holding, and of the bar of the statute of limitations, are attacked by appellant, on the ground that the court does not find that the action is barred by the provisions of section 346, Code of Civil Procedure, which alone applies to this case. That section reads as follows: "An action to redeem a mortgage of real property, with or without an account of rents and profits, may be brought by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage." The contention of the appellant is, that the findings show that the possession of defendant was not adverse before the 22d of January, 1885, and this action was commenced within a few days thereafter.

The specific findings of fact certainly sustain that contention, and "if a discrepancy exist, the more specific findings of particular facts must control." (*Hidden* v. *Jordan*, 28 Cal. 301.) The specific findings show that the entry and possession of the defendant was not adverse to the plaintiff up to January 22, 1885. In *Frink* v. *Le Roy*, 49 Cal. 314, the defendant had entered into

and held possession of the mortgaged premises under a contract not materially different from that under which the defendant entered into and held possession in this case. The court in that case said it would hardly be claimed that the plaintiff would be barred of the right to resume the possession upon payment or tender of the balance of the mortgage debt.

The possession of the defendant must be *adverse* for five years after the breach of some condition of the mortgage, in order to bar the plaintiff's right of action to redeem. We so held in *Cohen* v. *Mitchell*, 9 Pac. Rep. 649. Here the findings show that the possession was not adverse for any such period.

The judgment is reversed, and the cause remanded to the court below, with directions to enter judgment on the findings for the plaintiff.

McFARLAND, J., and THORNTON, J., concurred.