[S. F. No. 42.   Department Two.—June 23, 1896.]

GEORGE  L.  CENTER, APPELLANT, *v.* SAMUEL DAVIS, ET AL., RESPONDENTS.

DEED—PARTITION—COTENANCY.—A deed purporting to be made by several cotenants for the purpose of effecting a partition of the common property does not become operative as a conveyance until it has been executed by all of the grantors.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*J. H. Moore, W. B. Sharp,* and *James T. Boyd,* for Appellant.

*Freeman & Bates, Joseph M. Nougues,* and *E. S. Pillsbury,* for Respondents.

McFARLAND, J.—This is an action brought by plaintiff against a large number of defendants for the purpose of quieting plaintiff's title, as against said defendants, to a certain piece of land covered by water in the city and county of San Francisco. From the answers, and statements and admissions which appear in the statement on motion for a new trial, it appears that the defendants do not deny the quantity of plaintiff's undivided interest as a tenant in common with the defendants of a large tract of land, of which the tract described in the complaint is a part.   But plaintiff contends, and his complaint goes upon the theory, that he

is the owner in severalty of the premises described in the complaint; and this defendants deny. The court granted a nonsuit, and entered judgment in favor of defendants; and from the judgment, and from an order denying a new trial, the plaintiff appeals.

It appears that in 1854 the grantors of the parties plaintiff and defendant were the owners of a certain tract of land consisting of certain beach and water lots in the city and county of San Francisco; and it is contended by plaintiff that there has been a partition of said tract of land by which plaintiff has become the owner in severalty of that part of said tract which is described in the complaint. The first step in the process by which said plaintiff claims that said partition was effected is a trust deed made June 7, 1854. In that deed some fifteen different persons are named as parties of the first part, or grantors, and one Joseph E. Gary is named as party of the second part. It is shown by the parol testimony introduced by plaintiff that the purpose of said deed was to effect a partition through the process of all the cotenants conveying to said Gary with the understanding that said Gary was to reconvey to each of the cotenants in severalty the share to which he was entitled. The deed itself contains this clause: "The object of this conveyance to the party of the second part is for the sole purpose of dividing the pieces or parcels of land hereinafter described, that deeds may come direct from the party of the second part to the parties of the first part, according to their respective interests." The defendants make several objections to the validity of this deed. They say, in the first place, that it was not signed and executed by all of the persons named therein as parties of the first part and cotenants. It is a fact that several of said parties did not sign said deed. It is claimed, however, by plaintiff that some of those not signing had no interest in the property; but this question is not necessary to be discussed here, because it is admitted that Samuel Todd was one of the tenants in common of the land of which that mentioned in the

complaint is a part, and that he refused to sign the deed, and did not sign it. It is contended also by defendants that this deed to Gary included other lands to which, as it appeared afterward, none of the parties to said deed had any title; and it is contended that this vitiated the whole deed, upon the authority of *Emeric* v. *Alvarado*, 64 Cal. 529. It is also contended that the deed was void because it did not describe the quantity of interest of the various parties, and presented no basis upon which a partition could be effected.

We deem it necessary to notice only the first objection above stated to the validity of said deed. Todd, not having signed the deed, and having refused to sign it, it was, as a deed contemplating partition, void. (*Gates* v. *Salmon*, 46 Cal. 361; *Hill* v. *Den*, 54 Cal. 7; *Sutter* v. *San Francisco*, 36 Cal. 112.) "A contract which is entered into by several parties for the purpose of effecting a partition of land which they hold in common must be binding upon all the parties, or it binds none." (*Gates* v. *Salmon, supra.*) The plaintiff contends that this difficulty was obviated by the fact that both Gary and Todd afterward deeded their interest to the grantor of plaintiff; but, waiving all other considerations, the deed to Gary, for the reason above given, was inoperative, and did not confer upon Gary the right to convey the interests of the parties who had signed the trust deed. There is no pretense here that there was any partition of the tract by actual occupation of different parts of it by the tenants in common respectively, in accordance with any parol agreement; the whole tract was covered by water, and there was no separate possession of particular parts of it taken by the individual tenants in common. Neither was there any partition by mutual conveyances between all the tenants in common.

For the reasons above stated, the court below was warranted in holding that the plaintiff had made out no case for the relief asked in his complaint as a tenant in severalty of the tract of land therein described; and the

nonsuit was, therefore, properly granted. These views make it unnecessary to particularly notice other positions taken by respective counsel.

The judgment and order denying a new trial are affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.