[Sac. No. 1289.    Department Two.—January 29, 1906.]

MARY CUTLER, Respondent, v. JAMES F. FITZGIB-
BONS, and J. J. RAUER, Defendants; J. J. RAUER,
Appellant.

ACTION TO QUIET TITLE AND TO CANCEL FORGED DEED—SUFFICIENCY OF
COMPLAINT.—A complaint alleging ownership and possession in
the plaintiff of certain described land; that defendants claim some
estate therein which is without right; that they base their claim
to the land upon a written instrument purporting to be a deed,
signed, executed, and acknowledged by plaintiff to one of the
defendants, conveying to him said land; that plaintiff did not at
any time sign, acknowledge, or execute said instrument. nor author-
ize any one to execute it for her; that said alleged deed is false,
fraudulent, and forged; that said deed has been recorded, and
clouds plaintiff's title to said land, and praying for a judgment
quieting plaintiff's title thereto, adjudging that defendants have
no interest therein, and decreeing that such deed be canceled, states
a cause of action which is single and entitles plaintiff to the relief
prayed for.

ID.—ACTION NOT BASED UPON FRAUD IN OBTAINING LEGAL TITLE.—The
action is not based upon fraud in obtaining the legal title, and the
complaint is not subject to the objection that the fraud is not
alleged with sufficient fullness; but it is based upon a legal title
continuing in the plaintiff, and which did not pass out of her by
the forged instrument, in respect of which the complaint states a
cause of action with sufficient fullness and clearness.

APPEAL from a judgment of the Superior Court of Lassen
County.   F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

W. M. Boardman, and Louis E. Boardman, for Appellant.

E. V. Spencer, and H. D. Burroughs, for Respondent.

McFARLAND, J.—Judgment went for plaintiff, and from
the judgment the defendant J. J. Rauer appeals.   There is
no bill of exceptions.   The record consists of the judgment-roll,
which includes findings; and appellant's contention for a re-
versal rests upon the asserted insufficiency of the complaint.

It is averred in the complaint that plaintiff is, and ever
since May 25, 1895, has been, the owner, in possession, and

entitled to the possession, of certain described land; that defendants claim some estate or interest in said land, which claim is without any right whatever. It is then averred, ''for a further cause of action,'' that defendants base their claim to said land upon a certain written instrument purporting to be a deed, signed, acknowledged, and executed by plaintiff to the defendant Fitzgibbons, dated January 14, 1890, conveying to him said land; that plaintiff did not on said day, or at any time, make, sign, acknowledge, or execute said instrument, or any deed conveying said land to Fitzgibbons or to any other person, and did not authorize any other person to execute it for her; that said alleged deed is false, fraudulent, and forged; that said deed has been recorded, and clouds plaintiff's title to said land. The prayer of the complaint is for a judgment quieting plaintiff's title to the land, adjudging that defendants have no estate or interest herein, and decreeing that said deed be canceled, etc. None of the defendants appeared except Rauer. He demurred to the complaint, and also answered, averring, among other things, that plaintiff did duly make, sign, acknowledge, and execute the said deed to Fitzgibbons, and that the same was not forged, and that Fitzgibbons afterwards conveyed the land to Rauer, and that thus the latter is the owner thereof. His demurrer was overruled; and after the taking of evidence the court made findings, and found that plaintiff did not execute the alleged deed to Fitzgibbons, or authorize any persons to do so, and that the deed was forged. A judgment was rendered quieting plaintiff's title to the land and canceling said alleged deed.

We see no reason for reversing or disturbing the judgment. Appellant's contention seems to be that respondent is in the position of one who is trying to overturn a legal title on account of fraud, and that the complaint is deficient because it does not state with sufficient fullness the facts constituting the fraud; and he cites in support of his contention *Burris* v. *Adams*, 96 Cal. 664, [31 Pac. 565]. But the facts in *Burris* v. *Adams* are different from those in the case at bar, and the principle applied there is not applicable here. The plaintiff in the case at bar is not trying to set aside a deed which conveyed the legal title on the ground that the deed was procured through fraud, mistake, undue influence, con-

spiracy, etc.    During all the times mentioned in the complaint the plaintiff had the legal title; it certainly did not pass out of her by a written instrument which she did not execute and which was forged.    Having the legal title to the land in contest, she brings this action to have her title thereto quieted against appellant, who asserts and proclaims an estate in the land which is without any right, and to have the forged deed under which he claims, and which was recorded, canceled.    Moreover, the averments that the instrument under which appellant claims, in form a conveyance of the land by plaintiff, was not signed or executed by her, or by any other person authorized by her to execute it, and was forged, constitute a sufficient statement of the facts, even under appellant's contention.    We see nothing in the point that two separate and distinct causes of action are stated in the complaint.    There is really only one cause of action; and under the facts stated plaintiff was entitled to a judgment quieting her title and canceling the forged deed under which appellant claims.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.