[Civ. No. 174.  Second Appellate District.—April 25, 1906.]

## MARTIN CLINT and LILLIE M. CLINT, Appellants, v. EUREKA CRUDE OIL COMPANY, Respondent.

ACTION TO CANCEL DEED—FRAUD—WANT OF CONSIDERATION—SUPPORT OF FINDING AS TO CONSIDERATION—TRANSFER OF STOCK—TITLE OF LEASED PROPERTY.—In an action to cancel a deed for alleged fraud and want of consideration, findings of the court as to the consideration. are supported by evidence that eighteen thousand. seven hundred and fifty shares of stock in the defendant corporation were transferred in consideration of an agreement to transfer a previous lease and the title to the defendant, and that the agreement to convey was signed both by the lessor and the lessee before the stock was transferred. Such agreement and transfer of stock was a sufficient consideration to support the conveyance.

ID.—FAILURE TO OFFER RETURN OF STOCK—FRAUD IMMATERIAL.—Where the plaintiff failed to do equity by returning or offering to return the stock, which was the consideration for the deed, it would be inequitable to cancel the deed, even if it was obtained by fraud and the delivery thereof was procured by fraud, and without the consent of the grantors. The plaintiffs cannot be restored to their rights in the property and at the same time retain the consideration received from it; and the finding of fraud in the transaction may be regarded as immaterial to the support of the judgment, which is properly based on the finding of no offer to restore the consideration. (Smith, J., *contra,* but concurring in judgment on ground of enforceable agreement to convey.)

ID.—COSTS IMPROPERLY AWARDED.—In view of all the findings and evidence, neither party should be awarded costs, and a judgment in favor of the defendant for costs should be modified by striking out the same.

APPEAL from a judgment of the Superior Court of Los 'Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, and James H. Blanchard, for Appellants.

Fred W. Weatherly, George D. Blake, Telfair Creighton, and F. E. Davis, for Respondent.

GRAY, P. J.—This is an action to cancel a deed alleged to have been obtained from plaintiff, Martin Clint and others, by false and fraudulent representations and without delivery. On a trial without a jury, the findings and judgment were in defendant's favor. The appeal is by plaintiffs from the judgment and an order denying a new trial.

It is reasonably clear from the evidence that the eighteen thousand seven hundred and fifty shares of stock in the defendant corporation were agreed to be given and were in fact transferred as a consideration for the deed sought to be canceled herein, and that this was a sufficient consideration to uphold such deed. It is immaterial that the transfer of this stock may have also constituted the agreed consideration for a lease of the same property mentioned in the deed. We find nothing in the evidence to warrant the theory that two lots of stock of eighteen thousand seven hundred and fifty shares each were ever agreed to be delivered to plaintiff Clint. The evidence shows that before any of this stock was delivered to Clint the previous lease was, in effect, canceled by an agreement to convey the same, and also the property leased to the defendant. This agreement was executed to defendant by all the parties to the lease, including plaintiff Clint, who was the lessor named in the lease. This agreement to convey the whole title took the place of the original agreement of lease and the agreement to transfer the eighteen thousand seven hundred and fifty shares of stock, being still unexecuted at the date of the last agreement, constituted a sufficient consideration to support the agreement to convey the entire title, and especially was it a good consideration when the stock was thereafter delivered in accordance with the agreement.

Furthermore: If it were admitted that the delivery of the stock was not a sufficient consideration to support the agreement to convey, still we have the signature to the agreement to convey of the parties named as lessees in the lease, and their signatures, agreeing to convey their valuable interest in the lease, most certainly constituted a sufficient consideration for plaintiff's signature of the same instrument.

We think, therefore, that the findings of the court as to the consideration, as well wherein they negative plaintiffs' allegation that the agreement to convey was without consideration, as also in the affirmative finding that the transfer of the stock was the consideration, are amply supported by the evidence.

There is no evidence that plaintiffs ever offered to return any portion of the stock received by them for this deed, and the court finds that no such offer was made. Of course, it would be inequitable to cancel this deed without a return of the stock which was given for it, even if the deed was obtained by fraud and a delivery also procured by fraud and without the consent of the grantors. This is an action in equity and the plaintiffs cannot be restored to their rights in the property and at the same time retain the consideration for it, which they have received. It is, therefore, unnecessary to determine anything as to the question of fraud, and the finding of fraud in the transaction may be disregarded as immaterial to the support of the judgment. The judgment must stand for the defendant on the finding of no offer to return what was received by plaintiffs for the land, however fraudulent the transaction may have been. This failure to restore, or offer to restore, the consideration prevents a recovery by plaintiffs, whatever view may be taken of the other issues in the case, and we need not, therefore, consider any other issue.

It is found that the land described in the complaint is the same land described in the agreement to convey, and no attack is made upon this finding in appellant's brief.

A careful reading of the special findings will disclose that they dispose of every issue in the case. The finding to the effect that all the material allegations of the complaint are untrue, "except as hereinbefore found," and that the answer, except as hereinbefore found, is true, may be disregarded as entirely unnecessary and immaterial.

Some other objections are urged, but after an examination we do not find them of sufficient importance to require further discussion.

The peculiar circumstances and facts surrounding this case and the transactions which led to its commencement and prosecution incline us to the opinion that neither party should have been awarded costs. Therefore, the order denying a new

trial is affirmed; the judgment is modified to the extent of striking out that part thereof awarding costs, and otherwise to stand affirmed.

Allen, J., concurred.

SMITH, J., Concurring.—I concur in the judgment, but for reasons that will require a somewhat extended explanation.

The suit was brought to cancel or annul a deed, or document purporting to be a deed, of date December 21, 1900 (designated in the record as Exhibit "A"), between Martin Clint and others, of the first part, and the Eureka Crude Oil Company, an Arizona corporation, of the second part. The document is not signed by three of the parties named as grantors, but several months after the transactions involved in this case a similar deed was executed by them.

The allegations of the complaint show a flagrant case of fraud perpetrated on the plaintiffs by the defendant through its secretary and agent, by means of which the plaintiff's signature to the instrument and its possession without delivery were obtained from the plaintiffs by the defendant; and these allegations are, in effect, found to be true by the court. There is, indeed, a finding by the court in general terms that the deed was delivered; but it is found specifically that the deed was placed by the plaintiffs "in the hands of (the defendant's agent, Kloeckner), with oral instructions that he should show the same to their . . . attorney (Gould), and should not deliver the same to the defendant corporation, or to any person or persons, unless the same should be first approved by their said attorney," and other facts are found showing as matter of fact that there was no delivery. (*Kenny* v. *Parks*, 137 Cal. 527, [70 Pac. 556]; and see, also, *Tewksbury* v. *O'Connell*, 21 Cal. 60; *Emeric* v. *Alvarado*, 64 Cal. 530, 573, [2 Pac. 418]; *Denis* v. *Velati*, 96 Cal. 223, [31 Pac. 1]; *Center* v. *Davis*, 113 Cal. 309, [54 Am. St. Rep. 352, 45 Pac. 468].) The general finding is, therefore, to be regarded as a mere conclusion of law from the specific facts found, or as in conflict with those facts, and in either case is to be disregarded. (*Hidden* v. *Jordan*, 28 Cal. 301; *Warder* v. *Enslen*, 73 Cal. 294, [14 Pac. 874].)

The answer, besides denials of the complaint, sets up a previous written agreement between the same parties of date March 23, 1900, whereby the plaintiff, Martin Clint and the other parties named as grantors in Exhibit "A," agreed to convey to the defendant all their right, title, and interest in and to "the Triumph, Jersey and Venezuelan claims in the San Fernando Mining District"; and it is alleged that the deed in question, Exhibit "A," was made "in pursuance and performance of said" agreement; and the court finds these allegations to be true.

It is also alleged in the answer, and found by the court that, at some date unstated, there was issued to the plaintiffs eighteen thousand seven hundred and fifty shares of the capital stock of the defendant; that this was received by them in consideration of the execution of the deed in question; and that said stock has not been returned to defendant or any part of it. But it appears from the evidence without contradiction that this stock had been issued to the plaintiff Martin Clint, long before the date of the alleged deed, Exhibit "A," in pursuance of the agreement of March 23d, and of the lease, of date March 8, 1900, therein referred to. This stock therefore could not have been the consideration of the deed Exhibit "A" otherwise than indirectly as being the consideration of the pre-existing agreement of Martin Clint, of date March 23, 1900, to make a conveyance of the lands therein described. The finding is, therefore, to be construed simply as a finding that the deed Exhibit "A" was made in consideration of the obligation of the plaintiff, Martin Clint, to convey under the pre-existing agreement. Nor, as the stock was held by the plaintiff under a subsisting, unrescinded agreement, was it required of him to return it as a condition of the cancellation of the deed.

It is also to be observed that the allegations of the answer and the findings thereon, in effect, find that there was in fact a delivery of the deed; but for the reasons already explained this part of the finding must be disregarded.

The gist of the case, therefore, as found, is: That the possession of the deed undelivered and the signature of the plaintiff, Martin Clint, thereto were fraudulently obtained by the defendant, as alleged in the complaint; and that the only defense is the pre-existing agreement of March 23, 1900, and

the alleged fact that the deed Exhibit ''A,'' though fraudulently obtained, was such a deed as the defendant had a right, under the agreement, to demand from the plaintiff, Martin Clint.

Two questions are, therefore, presented: The one as to the sufficiency of the defense pleaded and found; the other as to the sufficiency of the evidence to justify the findings on this defense.

As to the latter point, upon a comparison of the agreement and of the deed Exhibit ''A,'' it will be seen that the descriptions are altogether different, and that there is nothing to indicate identity between them. Nor is there in the record any evidence tending to show such identity. On the contrary, it affirmatively appears from the evidence, and indeed from the specific facts found, that a part of lot 2 of the section referred to in the deed is not included in any one of the three claims described in the agreement. It is, therefore, clear that, as to the part of lot 2 improperly included in the deed, the defense altogether fails. This point, however, though raised by the specifications in the case, is not touched upon by the appellants in their brief, and it may, perhaps, be inferred in support of the judgment of the court below that the discrepancy between the description in the deed and the agreement was too slight to be material, or there may be other explanation of the apparent discrepancy which was satisfactory to the court below, and would be satisfactory to us if brought to our attention. I, therefore, will assume, for the purposes of this opinion, that the finding as to the identity of the land described in Exhibit ''A'' and the land agreed to be conveyed by the agreement of March 23, 1900, is sustained by the evidence. But even assuming this, the defense is plainly untenable. The signature of the plaintiff, Martin Clint, and the possession of the undelivered deed were fraudulently obtained by the defendant; and the case is, therefore, the same in principle as though the possession of the deed had been acquired by force and violence, or even by highway robbery or burglary. (*Cutler* v. *Fitzgibbons,* 148 Cal. 562, [83 Pac. 1075].) The case cited is in point to this proposition.

Ordinarily, therefore, the only course left to us would be to require the cancellation and delivery up of the deed. But in view of the fact that the plaintiff, Martin Clint, is under

the obligation incurred by the agreement of March 23, 1900, to convey to the defendant the lands described in that agreement, and that the corresponding obligation of the other grantors had.been performed by the execution of proper deeds, equity would seem to require of him, as a condition of receiving this relief, to execute to the defendant a deed of conveyance according to the terms of the agreement; and as the result of such a requirement (upon the assumption that the finding is supported by the evidence) would be the same as a ratification of the deed in question, we see no reason why that course should not be followed. (Civ. Code, sec. 3532.) This, indeed, is to make a deed for the plaintiff; but it is competent for the court to do this directly, as by a commissioner.

But, under these circumstances, and in view of the admitted fraud of the defendant (which was of a most flagrant character), I do not think it should have recovered its costs; for this would be, as it were, setting a premium upon fraud. I am of the opinion, therefore, that the judgment of the court below should be modified by striking therefrom that portion thereof that allows the defendant costs.

There are some other findings in the case, upon which reliance seems to be placed by respondent as constituting a defense, by way of estoppel, or as showing laches upon the part of the plaintiffs. But there is no plea of estoppel in the case; nor, were it otherwise, would the facts found be sufficient to support that defense. Nor upon the facts found are the plaintiffs chargeable with laches. The plaintiff, Martin Clint, continued in possession, "holding possession according to his right" (*Love* v. *Watkins,* 40 Cal. 564, [6 Am. Rep. 624]); and the defendant had notice of the fraudulent character and nullity of the deed. And as to the purchasers of stock—assuming for the purposes of the decision that their case can be considered—it is not found that they made their purchase on the faith of the deed; nor do the circumstances indicate that such should have been the case. For the omission of a small part of lot 2 does not materially affect the consideration for the stock. We have deemed it unnecessary, therefore, to do more than merely to allude to this part of the findings.

I am of the opinion that the order denying the plaintiffs' motion for a new trial should therefore be affirmed; and the

cause remanded with instructions to the lower court to modify the judgment heretofore entered, as above indicated.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1906.