[Sac. No. 2319.  Department One.—April 26, 1917.]

FRED E. HEFNER, as Administrator of the Estate of Mary Sealey, Deceased, Appellant, v. IDA M. SEALEY, Respondent; PHILIP HEFNER et al., Defendants.

DEED—DELIVERY—MANUAL TRADITION—INTENT TO PASS TITLE.—The delivery of a deed is not effected by a mere manual tradition of the instrument, unless the act be accompanied with the intent that the deed shall become operative as such, that is, that it shall presently pass title, without the reservation of any right of revocation or recall.

ID.—INTENT QUESTION OF FACT.—Whether or not the requisite intent existed is a question of fact for the trial court or jury.

ID.—AVOIDING ADMINISTRATION ON ESTATE OF GRANTOR.—The mere fact that the grantor at the time of the manual tradition of deeds conveying lands to her children, stated that her purpose was to avoid the necessity of administration, is not necessarily inconsistent with an intent to presently and irrevocably pass title.

APPEAL FROM JUDGMENT—AFFIDAVITS ON NEW TRIAL.—Affidavits presented in connection with a motion for a new trial cannot be considered on an appeal from the judgment.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—AFFIDAVITS.—On an appeal from an order denying a new trial, affidavits setting forth newly discovered evidence are without weight, in the absence of a showing that the evidence could not, with reasonable diligence, have been produced at the trial.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.  H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

George F. Jones, for Appellant.

Carleton Gray, for Respondent.

SLOSS, J.—The administrator of the estate of Mary Sealey, deceased, brought this action to quiet title to two parcels of land in Butte County. The plaintiff and the five defendants are the surviving children and the heirs at law of Mary Sealey.

All of the defendants except Ida M. Sealey defaulted, and the plaintiff took judgment against them as prayed. Ida M. Sealey answered, asserting title under two deeds from Mary Sealey, dated March 10, 1906. The property in controversy consisted of a lot in the city of Oroville and of a tract of country land. The first of the deeds purported to convey the city lot and five acres of the country land to Ida M. Sealey. The second was a conveyance of the remainder of the country land to the plaintiff and the five defendants. Plaintiff's intestate died on July 18, 1910, and the deeds were not filed for record until after her death. The sole point in controversy between plaintiff and Ida M. Sealey, the nondefaulting defendant, was whether these deeds had been delivered. The court found that there had been a delivery, and gave judgment that defendant Ida M. Sealey was the owner in fee of the land described in the first deed, and of an undivided one-sixth interest in the land described in the second.

The plaintiff appeals from this judgment and from an order denying his motion for a new trial.

The appellant contends—and this is the only point made—that the evidence does not support the finding of delivery. There is neither dispute nor room for dispute regarding the law applicable to the situation. The delivery of a deed is not effected by a mere manual tradition of the instrument, unless the act "be accompanied with the intent that the deed shall become operative as such" (*Kenney* v. *Parks,* 137 Cal. 527, [70 Pac. 556]), i. e., that it shall presently pass title, without the reservation of any right of revocation or recall. (*Follmer* v. *Rohrer,* 158 Cal. 755, [112 Pac. 544].) Whether or not the requisite intent existed is a question of fact for the trial court or jury. (*Moore* v. *Trott,* 162 Cal. 268, 274, [122 Pac. 462], and cases cited.)

In the case at bar, several witnesses gave testimony which, if believed by the court, fully supported the conclusion that the deeds had been delivered by Mary Sealey to her daughter Ida with the intention of then and there finally passing title to the land. George E. Gardner, an attorney at law, testified that he had been summoned to Mrs. Sealey's home; that she

had told him to make two deeds, saying, "I want the property so that there will be no administration, I want to divide the whole thing, a sixth apiece with the exception of this place where we are living, I want to give that to Ida, I want her to have that for herself." After the deeds had been drawn pursuant to these instructions, Mrs. Sealey signed and acknowledged them; whereupon Gardner asked what she wanted to do with them, to which she replied, "I guess you had better give them to Ida, I guess you just as well." Thereupon Gardner handed the deeds to the respondent. Mrs. Sealey stated at the time that she wanted to do what was done.

Ida M. Sealey, the respondent, gave testimony of similar purport. Frank Sealey, one of the sons of the decedent, testified that his mother had told him "that she was going to give Ida the house and lot here in town and also her interest in the ranch"; that afterward Ida showed him the deeds that had been delivered to her. Harvey Sealey, another son, testified that his mother had spoken of deeding her property "so there will be no trouble," and later she had said, "I deeded what property I have got to you folks. I deeded this house and lot to Ida and I deeded her a portion of that property down there. . . . There is a deed where you will all have shares alike in that ranch and won't have no administration about it, you will have deeds for your property." Mrs. Sealey had also told him that she had delivered the deeds to Ida.

This testimony fully supported the finding of delivery. The fact that Mrs. Sealey stated that her purpose was to avoid the necessity of administration is not necessarily inconsistent with an intent to presently and irrevocably pass title. There are circumstances in the case which might have been taken as indicating that the testatrix had not made the delivery contended for by the respondent, but had merely left the deeds in the custody of a bank for delivery to the respondent after her death, retaining in the meanwhile the right to recall them. But whether the transaction was of this character, or was the one described by the witnesses whose testimony we have quoted, was simply a question of fact for the trial court. The evidence was conflicting, and this court cannot overturn the finding made below. We cannot assent to the appellant's contention that the testimony of Gardner, of the respondent, and of Frank and Harvey Sealey was, either in itself, or in the light of the other evidence in the case, so in-

credible as to warrant our saying that the trial court could not reasonably accept it.

Certain affidavits were presented by the plaintiff in connection with his motion for a new trial.   These cannot, of course, be considered on the appeal from the judgment.   Nor is the plaintiff entitled to have any weight attached to them on the appeal from the order denying a new trial, for the reason that he made no showing that the evidence embodied in these affidavits could not, with reasonable diligence, have been produced at the trial.

The judgment and the order appealed from are affirmed.

Shaw J., and Lawlor, J., concurred.