[Civ. No. 12471.   First Dist., Div. One.   Aug. 12, 1943.]

RENA FAY, Respondent, v. ROSE NORQUIST, Appellant.

Harry F. Sullivan for Appellant.

Keyes & Erskine, Leslie L. Roos, W. B. Ryder and J. Benton Tulley for Respondent.

WARD, J.—This is an appeal by defendant and cross-complainant from a judgment and order denying a new trial in an action to quiet title. The order is not appealable (Code

Civ. Proc., sec. 963), and the appeal therefrom will therefore be dismissed.

The complaint is in the ordinary form to quiet title to certain real property, with the usual allegations and prayer. Defendant answered, alleging that prior to September 26, 1928, plaintiff was the owner of the property, but that since that date she, the defendant, is the true owner thereof, and in a cross-complaint prayed that her title be quieted. In an amended answer to the cross-complaint plaintiff denied generally the claims thus set up and pleaded that the alleged cause of action is barred by section 318 of the Code of Civil Procedure. She also set forth that "Plaintiff and cross-defendant is informed and believes and therefore alleges that the alleged cause of action set forth in said cross-complaint is based upon a certain deed of gift from plaintiff and cross-defendant to defendant and cross-complainant dated September 26, 1928, and recorded January 3, 1941, in Liber 3715 of the Official Records of the City and County of San Francisco, at page 19. That there was never any delivery of the said deed, but in any event defendant and cross-complainant is barred by her laches in failing to assert any claim to the ownership and/or possession of the real property herein involved from the date of said deed until June, 1941, for the reason that during said interval of approximately thirteen years, plaintiff and cross-defendant was in possession of said real property at all times, paid all taxes assessed against said real property and/or improvements thereon, improved said real property and contracted for and paid for various and sundry repairs to the improvements of said real property. That defendant and cross-complainant at all times during said period had full and complete knowledge of all of said acts of plaintiff and cross-defendant, but took no action with regard thereto."

The evidence on each side was addressed primarily to the circumstances surrounding the transaction, whereby the defendant, Mrs. Norquist, came into possession of the deed. Called as a witness by plaintiff, she testified that the parties were close friends, but are not related; that prior to September 26, 1928, while at a doctor's office, plaintiff, who was "not feeling very well," said: " 'Well,' . . . I think she says, 'I will deed that little bungalow, the first little bungalow.' She has two bungalows, she built that one first, and the second one afterwards. She said, 'I want to give you that bungalow. I want to make a gift to you.' So she said, 'Get in touch with your lawyer.' '' Defendant further testified that at her

suggestion the parties went to her lawyer the next day and he drew the deed, which was signed and acknowledged, plaintiff requesting her not to record it until after the death of Mrs. Fay's husband. There is other evidence that the deed was not to be recorded until after the death of Mrs. Fay. Defendant admitted that during the years that followed she made no effort to collect rents from the tenants of the property in question; that in fact she paid Mrs. Fay rental for the place while she lived there for a short period; that she never paid taxes, nor the cost of improvements, repairs or insurance. Mr. Fay died in 1932 and while, according to defendant's statement, she might then have filed the deed and received the benefits of the property, she applied to the Relief Administration in 1934 for aid, stating in her application therefor that she owned no real property. As stated, the deed was not recorded until 1941.

Plaintiff testified that defendant agreed never to ask for the property during the lifetime of the grantor; that the grantee understood the deed was not to be recorded, and that the property "was still mine." The deed was signed, acknowledged and left upon the desk of defendant's attorney. From the plaintiff's testimony it appears that there was no intent to pass a present title.

Plaintiff's physician testified that she told him she had signed a deed to the property but that it was not to be recorded until after her death.

The attorney for the defendant testified that there was a statement made in his office that the deed was not to be recorded until the death of Mr. Fay; that he advised plaintiff that she would have to hand the deed personally to defendant and tell her she was making an absolute delivery, which instruction was followed; that plaintiff's reason for not wishing the deed to be recorded until the death of Mr. Fay was "because the income of the property was necessary to take care of him during his lifetime."

The trial court in effect found that plaintiff's claim to the property was good and valid; that although there had been a manual delivery of the deed there was no intent to pass title; that defendant's claim was barred by reason of laches, and that plaintiff had been in adverse possession of the property for over five years. Judgment for plaintiff was rendered based upon such findings.

Appellant, Mrs. Norquist, contends that there is no prayer

nor request by respondent, Mrs. Fay, in the pleadings for a cancellation of the deed or to set it aside; that the allegations relative to non-delivery were made on information and belief and that the deed having been recorded several months prior to the filing of the complaint and answer to the cross-complaint respondent was deemed to have notice of the public record; that therefore the pleading upon information and belief precluded findings thereon.

In a quiet title proceeding under the provisions of Code of Civil Procedure, section 738, it is not necessary that there be a direct prayer to cancel or set aside a deed, as is usual under the provisions of Civil Code, section 3412. If, as the court found, the deed was not delivered, it is void, and an order of cancellation would be superfluous. (*Cutler* v. *Fitzgibbons,* 148 Cal. 562 [83 P. 1075]; *Nelson* v. *Thomas,* 36 Cal.App. 433 [172 P. 398]; *Williams* v. *Kidd,* 170 Cal. 631 [151 P. 1, Ann.Cas. 1916E 703].) In the present case there is no contention that the deed was obtained by fraud.

Appellant of necessity was forced to rely on the deed if title was to be established in her favor. Instead of setting up the deed in the answer, she entered a general denial, and the cross-complaint contains the usual broad allegations, and is sufficient. (*Bertelson* v. *Bertelson,* 49 Cal.App.2d 479 [122 P.2d 130].) From the allegations of the cross-complaint respondent could not be sure what claims appellant would present. As a matter of precaution in her amended answer to the cross-complaint respondent proceeded to allege on information and belief that appellant would rely on a certain deed, and then proceeded to attack such deed. Respondent should not be penalized for her effort to inform the court of the possible evidentiary issues. There was a motion to strike the allegation based on information and belief, which was denied. Assuming that the motion should have been granted, appellant was not prejudiced by the order denying it. The evidence adduced and the findings are pertinent to the pleadings without reference to the matters stated on information and belief. The answer to the complaint alleged appellant's title as of September 26, 1928, which is the date of the purported deed.

The vital question in this case is the validity of the delivery of the deed. Appellant Norquist contends that the evidence shows a valid delivery to have been made. The trial court found there was no delivery, but that the deed was

manually transferred, thereby reducing the issue to the question of intent to create a present estate in appellant. This puts Mrs. Norquist to the necessity on appeal of demonstrating that the evidence does not support the finding that the manual transfer was ''with no intent to pass title.'' This she is unable to do as a matter of law, as the evidence heretofore referred to is substantially sufficient to sustain the finding under the recent decision in *Dinneen* v. *Younger,* 57 Cal. App.2d 200 [134 P.2d 323]. In that case it was held that the handing of a signed and acknowledged deed establishes a prima facie case of execution and intent to make a delivery and transfer of title, but that the presumption of legal delivery is not conclusive. The court there said (p. 204): ''The concept of delivery involves more than merely physically handing possession of the deed to the grantee or someone on his behalf. (*Piercy* v. *Piercy,* 18 Cal.App. 751 [124 P. 561]; *Baker* v. *Baker,* 9 Cal.App. 737 [100 P. 892].) The act of delivery must be accompanied with the intent that the deed shall become presently operative as such, that is, must be accompanied with the intent to presently pass title, even though the right to possession and enjoyment may not accrue until some future time. (See cases collected 9 Cal.Jur., p. 153, sec. 52.) The rule applies not only where possession of the deed is given to a third person, but also where such possession is given to the grantee directly. (*Marple* v. *Jackson,* 184 Cal. 411 [193 P. 940]; *Stone* v. *Daily,* 181 Cal. 571 [185 P. 665]; *Hefner* v. *Sealey,* 175 Cal. 18 [164 P. 898]; *Cox* v. *Schnerr,* 172 Cal. 371 [156 P. 509]; *Bias* v. *Reed,* 169 Cal. 33 [145 P. 516]; *Kenney* v. *Parks,* 137 Cal. 527 [70 P. 556].) Intention to part with title is indispensable—that is the factor that gives vitality to the delivery. (*Ruiz* v. *Dow,* 113 Cal. 490 [45 P. 867]; *Williams* v. *Kidd,* 170 Cal. 631 [151 P. 1, Ann.Cas. 1916E 703]; and see cases cited 9 Cal.Jur., sec. 52 at p. 155, fns. 19 and 20.)

''It is also clear that where a valid delivery is established, subsequent acts and declarations of the grantor in disparagement of his deed, outside the presence of the grantee, are not admissible. Such declarations or acts are hearsay and self-serving. (See cases cited *infra.*) But when the very question presented is whether or not the alleged grantor intended a valid delivery—that is, intended to divest himself of title—his declarations and acts made and done outside the presence of the grantee after physically delivering possession

of the deed to the grantee or to a third person, are admissible as bearing upon the vital question of intent."

In *Whitlow* v. *Durst*, 20 Cal.2d 523, 524-525 [127 P.2d 530], the court said: "When intent is a material element of a disputed fact, declarations of a decedent made after as well as before an alleged act that indicate the intent with which he performed the act are admissible in evidence as an exception to the hearsay rule, and it is immaterial that such declarations are self-serving. Thus, in cases involving the delivery of deeds, declarations of the alleged grantor made before and after the making of the deed are admissible upon the issue of delivery, and it is immaterial that such declarations are in the interest of the party producing them."

In view of the finding, based upon substantial evidence, that there was no delivery of the deed, it is not necessary to consider additional contentions that if there was a valid delivery appellant's claim is nevertheless barred by laches and that respondent acquired the title by adverse possession.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.