[L. A. No. 405. In Bank.—June 19, 1899.]

SARAH J. KENNEY, Respondent, v. W. S. PARKS et al., Appellants.

DEED—DELIVERY TO THIRD PERSON—DEATH OF GRANTOR—CONTROL OF DEED.—In order to sustain the delivery of a deed to a third person, to be delivered to the grantee upon the death of the grantor, it must appear that the grantor parted with the possession and control of the deed for all time.

ID.—MUTUAL DEEDS OF HUSBAND AND WIFE—ESCROW—RETURN OF DEED OF SURVIVOR—TITLE NOT VESTED.—Where a husband and wife each executed a deed to the other, and both deeds were delivered to the cashier of a bank, with the understanding that upon the death of either the deed to the survivor should be recorded, and the deed of the survivor returned as ineffective, no escrow was created by the delivery of the deeds, though it was improperly called such, and no title vested under either of them.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. B. Cope, Judge.

The facts are stated in the opinion of the court.

Boyce, Taggart & Kellogg, for Appellants.

There was no delivery in escrow. (Civ. Code, sec. 1057; *Wheelwright v. Wheelwright*, 2 Mass. 447; 3 Am. Dec. 66; *Ruggles v. Lawson*, 13 Johns. 285; 7 Am. Dec. 375; *Martin v. Flaherty*, 13 Mont. 96; 40 Am. St. Rep. 415; 6 Am. & Eng. Ency. of Law, 864.) The delivery was invalid because the deeds did not pass beyond the control of the respective grantors for all time. (*Bury v. Young*, 98 Cal. 448; 35 Am. St. Rep. 186; *Ruiz v. Dow*, 113 Cal. 494, 495; *Wittenbrock v. Cass*, 110 Cal. 1.) The deeds were not effective, for want of valid delivery, and were merely testamentary. (*Babb v. Harrison*, 9 Rich. Eq. 111; 70 Am. Dec. 203, 204; *Simon v. Wildt*, 84 Ky. 157; *Wellborn v. Weaver*, 17 Ga. 267; 63 Am. Dec. 235, 242; *In re Diez*, 50 N. Y. 88, 93; *Prutsman v. Baker*, 30 Wis. 644; 11 Am. Rep. 592; *Schumaker v. Schmidt*, 44 Ala. 454; 4 Am. Rep. 135; *Evans v. Smith*, 28 Ga. 98; 73 Am. Dec. 751, 753.)

B. F. Thomas, for Respondent.

The deed was upon condition precedent, and was valid. (Civ. Code, secs. 695, 707, 708, 1101; 1 Rapalje's Law Dictionary, 256; 2 Blackstone's Commentaries, c. X; 2 Washburn on Real Property, 2; 6 Am. & Eng. Ency. of Law, 900; *Cannon v. Hundley*, 72 Cal. 140; *Brannan v. Mesick*, 10 Cal. 108.) The delivery was sufficient and the deed was not testamentary. No second formal delivery was necessary. (*Nichols v. Emery*, 109 Cal. 323; *Cannon v. Hundley, supra; McDonald v. Huff*, 77 Cal. 282; *Prutsman v. Baker*, 30 Wis. 650; 11 Am. Rep. 592; *Foster v. Mansfield*, 3 Met. 412; 37 Am. Dec. 154; *Perry v. Cross*, 132 Mass. 454; *Krell v. Codman*, 154 Mass. 456; 26 Am. St. Rep. 260; *Bromley v. Mitchell*, 155 Mass. 512; *Hathaway v. Payne*, 34 N. Y. 104; *Diefendorf v. Diefendorf*, 8 N. Y. Supp. 617; 132 N. Y. 100; *Crain v. Wright*, 114 N. Y. 307; *Wilson v. Carrico*, 140 Ind. 583; 49 Am. St. Rep. 213; *Seals v. Pierce*, 83 Ga. 787; 20 Am. St. Rep. 344; *Phillips v. Thomas Lumber Co.*, 94 Ky.

445; *Shaw v. Hayward,* 7 Cush. 175; *Martin v. Flaherty,* 13 Mont. 96; 40 Am. St. Rep. 415.) An escrow may be made upon condition of the happening of an event. (*Cannon v. Hundley, supra; McDonald v. Huff, supra; James v. Vanderheyden,* 1 Paige, 385; *Prutsman v. Baker, supra.*)

GAROUTTE, J.—This is an action in equity to reform a deed, quiet title, and for general relief. The plaintiff is the widow of Joseph A. Kenney, deceased, and the defendants are the executors of his last will and testament, joined with certain of his heirs-at-law. Judgment went for plaintiff, and this appeal is prosecuted therefrom. The leading question involved arises upon the sufficiency of the findings of fact to support the judgment, and by reason of the views we entertain upon that proposition it becomes unnecessary to review the minor matters discussed which bear upon the legal sufficiency of the complaint and which are presented by special demurrer.

The evidence presents no important conflict; and by the evidence and the findings it appears that Joseph A. Kenney, the deceased, and plaintiff were husband and wife, and each owned considerable property, both real and personal. Having no children, they entered into an agreement in writing wherein they mutually agreed to execute deeds each to the other, conveying absolutely, in fee simple, all of their respective estates, both real and personal, situate in Santa Barbara county; and agreed that said deeds should be placed as escrows in the hands of the cashier of the First National Bank in Santa Barbara, with directions to said cashier that if the plaintiff should die during the lifetime of said Joseph A. Kenney, he, the said cashier, should, on request of said Joseph A. Kenney or his agents, file the deed by the plaintiff to said Joseph A. of record in the county recorder's office in said county; and if said Joseph A. should die during the lifetime of the plaintiff, said cashier, at the request of the plaintiff or her agent, should file said deed of Joseph A. to her in said recorder's office. This agreement was executed and the deeds delivered to the cashier as therein provided. These deeds were inclosed in separate envelopes, and these envelopes were similarly indorsed by the respective parties, the indorsement of

the husband being as follows: "The inclosed deed, dated the first day of June, 1892, is herewith deposited in escrow with the cashier of the First National Bank of Santa Barbara, and the said cashier, who may be such cashier at my decease, if I should die during the lifetime of my wife, is hereby instructed and commanded at my decease, on request of my said wife or her agent, to open this envelope at once and to file the inclosed deed for record with the recorder of Santa Barbara county." Joseph A. Kenney died, whereupon his wife, the plaintiff, demanded of the cashier that his deed to her be recorded, or delivered to her. This demand was refused, whereupon she inaugurated the present litigation, claiming title to the husband's property under his aforesaid deed delivered to the cashier of the bank.

The question presented is, Has the title to the property described in the husband's deed passed to the wife? And the solution of this question depends upon the fact as to the sufficiency of the delivery of the deed by the grantor, the husband. The agreement entered into between the husband and the wife declares the two deeds are to be placed in the hands of the cashier as escrows. But so christening them did not have the effect of making them escrows. When placed in the hands of the cashier they were in no sense escrows. Where an instrument is deposited with a third party to await the performance of some condition by the grantee such instrument becomes an escrow. (Civ. Code, sec. 1057.) The evidence here presents no such case. Upon the contrary, we have a direct grant or no deed whatever.

Was the delivery of the husband's deed to the cashier sufficient to pass the title to the wife? Upon mature consideration we have arrived at the conclusion that no title whatever passed. While it is not so expressed in the agreement, yet the intention of both parties is plain that the party surviving should have his or her deed returned in case the other party should die; and that no title to the property described in the deed of the party surviving should vest. In other words, the plaintiff having survived her husband, her deed is to be returned to her and title to her property remain vested in her. Under the laws of this state the title to the property vested presently when the deeds

were delivered, or did not vest at all. Yet, as to the plaintiff's property it is apparent that no title ever vested in the husband under her deed. Such being the case as to her property, it is most difficult to see how title to his property, by his deed, ever vested in her.

The general principles of law involved in this case are quite fully discussed in *Bury v. Young*, 98 Cal. 446; 35 Am. St. Rep. 186. In the decision of that case many authorities are cited supporting the conclusion declared, and with that conclusion we are entirely satisfied. It is there said: "The essential requisite to the validity of a deed transferred under circumstances as indicated in this case is that when it is placed in the hands of a third party it has passed beyond the control of the grantor for all time." In the present case, by the agreement of the grantor and grantee, it was understood that the grantor's deed was to be returned to him upon the happening of a certain event, to wit, the death of the other party. And at this time it may be assumed that the plaintiff's deed has been returned to her, or at least has been treated as of no force and effect. In the Bury case it is also said: "In every case where the deed has been declared invalid by reason of failure of delivery it will be found that the grantor reserved some rights over the instrument; that upon the happening of some event, or contingency, or condition, he had the right, if so disposed, to reach out and take it from the possession of the depositary." The present case comes squarely within that description. Here the grantor reserved the right to recall his deed upon the happening of a certain event; when that event happened he had the right to reach out and take back the deed, and such reservation is fatal to a valid delivery.

The all-controlling fact in this case, which defeats plaintiff's claim, is that when the deeds were made and delivered to the cashier of the bank the respective grantors did not absolutely part with all future dominion and control over them, but, upon the contrary, the actual intention and understanding of each grantor was that upon the death of the other the survivor should take back his own deed, and that no title should vest under it. The decision in *Bury v. Young, supra,* was rested upon a directly contrary state of facts, namely, that the grantor had parted with the control and possession of his deed for all time. It is declared

in that case that the doctrine there laid down would not be enlarged. The validity of the deed here involved, and upon which plaintiff rests her claims, cannot be supported without greatly extending that doctrine.

For the foregoing reasons and under the authority of *Bury v. Young, supra; Wittenbrock v. Cass*, 110 Cal. 1; and *Ruiz v. Dow*, 113 Cal. 490, the judgment is reversed and the cause remanded.

Temple, J., McFarland, J., Henshaw, J., Van Dyke, J., and Beatty, C. J., concurred.

Rehearing denied.