[L. A. No. 1187.   Department One.—October 26, 1902.]

## SARAH J. KENNEY, Appellant, v. W. S. PARKS et al., Executors, etc., Respondents.

DELIVERY OF DEED—CONDITION—FRAUD AND MISTAKE—STATUTE OF LIMI-
  TATIONS—REVERSAL OF FORMER JUDGMENT—NEW ACTION—CON-
  STRUCTION OF CODE.—Upon the assumption that a deed delivered to a
  husband by his wife, which was not to be recorded, and was to be
  returned to her in case of his death, and which was fraudulently
  recorded by him in violation of the agreement, took effect upon the
  manual delivery thereof to him, where it appears that the judgment
  in a former action for relief on the ground of fraud and mistake
  commenced in due time was reversed, section 318 of the code is to
  be construed as allowing the commencement of a new action of any
  kind having for result the same relief as was obtained in the former
  action, within one year after the reversal; and section 338 of the
  Code of Civil Procedure has no application to such new action.

ID.—INSUFFICIENT DELIVERY—OPERATIVE EFFECT NOT INTENDED.—To
  constitute delivery of a deed it is not sufficient there be mere delivery
  of its possession, but that act must be accompanied with the intent
  that the deed shall become operative as such.   Where both parties
  understood that the deed could have no effect until it was recorded,
  and agreed that it should not be recorded until after the previous
  death of the wife, and that it was to be returned to her in case
  of the previous death of the husband, there was no intent that it
  should become operative during the life of the grantor, and there
  was no sufficient delivery to pass the title to the husband.

ID.—ACTION TO DETERMINE CLAIM AND FOR POSSESSION—STATUTE OF
  LIMITATIONS—PLEADING—FINDINGS—JUDGMENT.—An action to de-
  termine the claim of the widow to the land covered by such insuffi-
  ciently delivered deed against the executors of her deceased husband

is subject to the limitation of four years prescribed by section 343 of the Code of Civil Procedure, and section 338 of that code has no application thereto, notwithstanding unnecessary averments of fraud and mistake in the complaint. Such averments may be disregarded; and where the only limitation pleaded is section 338, and the findings sustain the action otherwise, the plaintiff is entitled to judgment quieting her title and for possession of the land, and for costs.

ID.—RIGHT TO RENTS AND PROFITS—ABSENCE OF FINDING.—The plaintiff is entitled to recover from the executors the rents and profits of the land recovered; but where there is no finding as to the amount thereof, the court will be directed to make such finding, and assess such amount, and to enter judgment accordingly.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion.

B. F. Thomas, for Appellant.

J. W. Taggart, for Respondents.

SMITH, C.—The suit was brought by the plaintiff, who is widow of the defendants' intestate, to assert her claim to the two lots of land described in the first and third counts of the complaint, and to an undivided half of the lot described in the second count, and for recovery of possession of the same. Judgment was rendered in her favor for an undivided half of the lot described in the third count, and against her as to the other half, and as to the lots described in the first and second counts. She appeals from so much of the judgment only as relates to the causes of action set out in the first and second counts, which alone, therefore, need be considered.

Upon the facts alleged in this part of the complaint, all of which are found by the court to be true, and upon other facts found, the case presented for review is as follows:—

The plaintiff, being the owner of the lot and undivided half of a lot described in the first two counts of the complaint, signed, without consideration, two writings in the form of deeds, the one of date January 30, 1888, the other of date March 12, 1887, purporting respectively to convey them to Kenney, her husband; and at his request, and upon his repre-

sentation that under the laws of the state the deed would
be of no validity until recorded (which both parties believed
to be true), and on his promise that he would not have them
recorded unless he should survive her, the deeds were placed
by her in his possession. It was, at the same time, understood
and agreed, as to each deed, that the instrument "should
never have any effect as a conveyance" unless Kenny should
survive his wife. The deeds were subsequently recorded by
Kenney, whose promises not to record them were made with-
out intention to keep them. The plaintiff did not learn of the
record of the deeds until July 3, 1894, two days prior to
Kenney's death; nor did she learn that the law as to the effect
of deeds before record was otherwise than as represented to
her by him until September, 1894. She remained in posses-
sion of the lands in question, and received the rents, issues,
and profits therefrom, until July 5, 1894, the day of the death
of Kenney, when she was ousted by the defendants, the ex-
ecutors; and it is found by the court that she "was seised and
possessed of the three parcels of land described in the com-
plaint down to" that date. In the following May she com-
menced an action against the defendants to recover these and
other lands, and for other purposes, and on October 14, 1896,
under a judgment recovered therein, was placed in posses-
sion of the lands, remaining in possession until October 28,
1899, when, upon reversal of the judgment by this court, and
the filing of the *remittitur,* she was dispossessed. (See *Kenney*
v. *Parks,* 125 Cal. 146.) The *remittitur* was filed in the lower
court July 21, 1899, and this suit commenced June 4, 1900.
It is found by the court that plaintiff's first two alleged causes
of action are barred by the provisions of section 338 of the
Code of Civil Procedure. The sole question involved is
whether, on the facts found, this proposition can be sustained.

The contention of the appellant's attorney is, that on the
specific facts found it appears conclusively there was no deliv-
ery of the deeds, and hence no transfer of Mrs. Kenney's title
to her husband; from which it would follow that section 338
of the code could have no application to the case. On the
other hand, it is claimed by the attorney of respondent that
the deeds were delivered, and hence that the plaintiff's action
is to be regarded as "an action for relief on the ground of

fraud or mistake," and, consequently, as barred by the provision of the code cited.

With regard to the statute of limitations, if we could assume that the provision of the statute pleaded (Code Civ. Proc., sec. 338) applies to the case, it is yet doubtful whether the finding could be sustained. Within three years from the discovery of the fraud or mistake of the defendants' intestate the plaintiff recovered judgment against the defendants and was put in possession of the land; and the suit was commenced within a year of the judgment. The case, therefore, we think, comes within the provisions of section 355 of the Code of Civil Procedure, which provides that "if an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff . . . may commence a new action within one year after the reversal." The language of this provision is not as clear and definite as it might be, but having regard to the reason of the enactment, we think it must be construed as permitting a new action of any kind having for result the same relief as was obtained in the original action, which is the case here.

But under no view of the case, we think, can it be regarded as coming within the application of section 338 of the code. Mistake and fraud are indeed alleged and found, but the plaintiff's cause of action is complete without regard to either of these facts. For eliminating these elements from the case entirely, there still remains the fact that the deeds were placed in the possession of her husband upon the understanding that they were to have effect only upon the contingency of her death before that of her husband. It follows that there was no delivery, or that the deed took effect subject to a trust in favor of the plaintiff for a reconveyance on the failure of the condition. Hence, upon the former hypothesis, the provision of the statute applying to the case would be section 318 of the code; on the latter, section 343; and in neither case could section 338 have any application. It is clear, therefore,—this being the only provision of the statute pleaded,—that the plaintiff is entitled to relief; and it remains for us to consider only what relief will be appropriate. This must depend on the view we take of the question of delivery. If there was no delivery, all that plaintiff can require is the quieting of her

title and the recovery of possession of the land, with rents and profits. Otherwise, in addition to this relief and as preliminary thereto, she will be entitled to a reconveyance of the land. The question, therefore, is not of much practical importance, but, as determinative of the kind of judgment to be entered, it will be necessary to consider it.

On this point also we are clear the appellant's contention must be sustained. To constitute delivery of a deed, it is not sufficient that there be a mere delivery of its possession, but this act must be accompanied with the intent that the deed shall become operative as such. (2 Boone on Real Property, sec. 295a; *Black* v. *Sharkey,* 104 Cal. 281; *Denis* v. *Velati,* 96 Cal. 227; *Harris* v. *Harris,* 59 Cal. 622.) Here both parties understood that the deed could have no effect until recorded; and there was therefore no intent that it should become immediately operative, or that it should ever become operative during the life of the grantor, or afterwards, unless the grantee should survive her. The case therefore comes within the principle of the decision in the former case of *Kenney* v. *Parks,* 125 Cal. 146, where the parties were the same as here, and the same general transaction was involved. It was there held there was no delivery of the deed of Kenney to his wife, the ground of the decision being that, though not expressed, "the intention of both parties is plain that the party surviving should have his or her deed returned in case the other party should die." The only difference between the cases is, that in the former case the deeds were deposited with a third party, and in this case with the grantee. But this does not affect the application of the principle.

We do not deem it necessary to discuss here the decisions in which it has been held that the delivery of a deed to the grantee, to take effect upon the death of the grantor, is an effective delivery, or the construction of the much misunderstood rule laid down in section 1056 of the Civil Code. To justify the application of the rule there must at least be a delivery of the deed, which implies the intent that it shall become at once operative, either absolutely or conditionally. (*Wheelright* v. *Wheelright,* 2 Mass. 447;[1] *Black* v. *Sharkey,* 104 Cal. 279; *Denis* v. *Velati,* 96 Cal. 223.) But such is not

[1] 3 Am. Dec. 69.

the case here, where the understanding, and therefore the intent, that it should or could take effect presently, was lacking. Nor do we deem it necessary to refer to the doctrine of escrow and to the ancient rule that delivery of a deed to the grantee *as an escrow* is to be taken as an absolute delivery, further than to say that these doctrines, and especially the latter, have often been misunderstood and misapplied. (2 Blackstone's Commentaries, 307; Shepherd's Touchstone, 58; Coke on Littleton, 36a, 9 Coke Rep. 137a.) All that need be said is, they can have no application here. (*Kenney* v. *Parks,* 125 Cal. 149.) Nor do we deem it necessary to consider the contention of the respondent that the plaintiff is estopped by the former case of *Kenney* v. *Parks,* 125 Cal. 149. It does not appear that any judgment was ever entered in the case, nor is any judgment pleaded.

It results that plaintiff is entitled to judgment quieting her title to the lot or parcel of land described in the first count of the complaint and to the undivided half of the lot described in the second count, and for possession thereof and for costs. She is also entitled to receive from the defendant executors the rents and profits of the lands recovered; but as there is no finding as to the amount of these, it will be necessary for the court, before entering judgment, to assess the amount due to the plaintiff on this account.

We advise that that portion of the judgment appealed from be reversed and the cause remanded for further proceedings, and the entry of judgment in accordance with this opinion.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion that portion of the judgment appealed from is reversed and the cause remanded for further proceedings, and the entry of judgment in accordance with this opinion.

Harrison, J., Van Dyke, J., Garoutte, J.