[L. A. No. 2772. Department Two.—February 7, 1912.]

SARAH J. TEDFORD, Appellant, v. MAIME L. EICHLER et al., Respondents.

DEED — DELIVERY TO GRANTEE — EVIDENCE — QUIETING TITLE.—In an action to quiet title, the evidence, although conflicting, is held to show that the grantor of the land in controversy, shortly before his death, actually delivered the deed therefor to the grantee named therein, and is therefore sufficient to support a judgment in favor of the successors in interest of such grantee.

ID.—REFUSAL OF NEW TRIAL—NEWLY DISCOVERED EVIDENCE OF GRANT-OR'S WILL.—In such action, it was not error to refuse to grant a new trial on account of the newly discovered evidence of a will of the deceased grantor, made a few days before his death, which discloses no attempt to specifically devise the property in controversy.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

G. L. Whitham, for Appellant.

D. C. Burrey, and Harris & Swanwick, for Respondents.

HENSHAW, J.—The action was to quiet title. Judgment passed for defendants and from that judgment and from the order denying her motion for a new trial plaintiff appeals.

Certain of the matters hereinafter stated appear only inferentially from the record, and there may possibly be error in the declarations concerning some of them. The essential facts, however, are made sufficiently plain. A. C. Tedford at the time of his death was living with Emily J. Tedford, who was, or was reputed to be, his wife, and in the household were children of Emily. Tedford and Emily seemed to have been tenants in common of the land here in controversy. However that may be, the contention of plaintiff is that they made deeds to the property in controversy, each to the other, deposited those deeds in escrow with one Doctor Fasig, to be delivered to the survivor upon the death of either; that this delivery to Fasig was not irrevocable; that after the death of Tedford, upon request, Doctor Fasig delivered the sealed package to Emily, who placed of record the deed from Tedford to herself. It is contended that there was no delivery, under the authority of *Young's Estate,* 123 Cal. 337, [55 Pac. 1011], and *Kenney* v. *Parks,* 125 Cal. 146, [57 Pac. 772]. Upon the other hand, however, for respondents, it is shown, that quite independent of this transaction, Mr. Burrey, the attorney for the Tedfords, visited them a few days before Tedford's death, that Tedford declared to him that he had made a deed of the property to his wife Emily, that his wife

had the deed, that at Mr. Burrey's suggestion Mrs. Emily Ted-
ford brought the deed into the room, restored it to the pos-
session of Mr. Tedford, who then, in the presence of Mr.
Burrey, made redelivery of it to Mrs. Tedford, who took it,
retained possession of it, and caused it to be recorded. This
evidence, notwithstanding the conflict, believed as it was by
the trial court, supports the judgment which it rendered. The
asserted error of the court in permitting the introduction in
evidence of a will of the deceased Tedford is without signifi-
cance for, if error, the admitted evidence was entirely foreign
to the testimony of Mr. Burrey upon which the court based
its decision.

Upon motion for a new trial, affidavits of newly discovered
evidence were offered, and counter affidavits thereto filed.
These affidavits are to the effect that plaintiff, who appears
to be the true wife of the deceased, had but recently discovered
that Tedford made a will a few days before his death, and
this affidavit is accompanied by the production of the will and
by affidavits of those who were witnesses to its making. The
counter affidavits are to the effect that the people who de-
clared themselves to have been witnesses were not at the Ted-
ford home during the time prior to his death at which it is
declared the will was made, and that Tedford at that time was
incapable of writing a will. The will itself discloses no at-
tempt to devise specifically the property in controversy. It is
a mere inference, even assuming the validity of the will, that
it contemplated the devise of this particular real estate. The
action is in equity. All this evidence would be addressed
to the judge sitting as a chancellor. It is clear that he either
discredited these affidavits or believed, as he well might, that
if they were true they would not countervail against the tes-
timony of Mr. Burrey of a delivery of the deed to this precise
property. It was not error, therefore, to deny the motion for
a new trial.

For these reasons the judgment and order appealed from
are affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.