[Civ. No. 1112.    Second Appellate District.—July 15, 1912.]

P. A. STANTON and G. W. VAN ALSTYNE, Appellants, v. ARCHIBALD FREEMAN et al., Defendants; H. L. MARTIN, WILLOUGHBY RODMAN, ROSS T. HICK-COX, JAMES COOK, CHAS. LLOYD and INGLE-WOOD WATER CO., a Corporation, Respondents.

ACTION TO QUIET TITLE—DEED TO REAL ESTATE BROKER—COMMISSIONS NOT EARNED—FAILURE OF CONSIDERATION—INEFFECTIVE DELIVERY—SUPPORT OF FINDINGS.—In an action to quiet title brought by real estate brokers against the defendants, involving the validity of a deed of certain lots claimed to have been delivered by two of the defendants to plaintiffs, and which defendants subsequently conveyed to codefendants, it is held that findings that such lots were deeded to plaintiffs as payment for future commissions to be earned for a sale to be made of such lots, and that they were not earned, being based on conflicting evidence, cannot be disturbed; and that other findings that there was a failure of consideration for the deed and that the delivery thereof was ineffective are also supported by suffi-cient evidence, and that such findings are sufficient to defeat the plaintiffs' title.

ID.—CORROBORATIVE EVIDENCE OF COPLAINTIFF.—Where one of the plain-tiffs, in his testimony, stated: "If the deal went through, it [the deed] was coming to us; if the deal did not go through, it was to be delivered to Mr. Freeman. We had no desire to retain the deed"—proof of such evidence was proper to show the understanding of the parties, and to corroborate the evidence of the defendant Freeman that the consideration for the deed was payment for future service to be earned by completing the sale of the property, as found by the court.

ID.—NATURE OF DELIVERY OF DEED—INTENT OF OPERATION ESSENTIAL—EFFECTIVENESS CONDITIONAL ON EARNING FUTURE COMMISSIONS.—To constitute delivery of a deed it is not sufficient that there be a mere delivery of its possession, but this act must be accompanied with the intent that the deed shall become operative as such. In this case, the court having found that the lots were to be transferred to plaintiffs in payment of commissions to be earned, which were not earned, the inferential fact to be drawn therefrom, that the trans-fer of title and consequent delivery of the deed were not to be com-pleted until such consideration should be fully executed, is sufficiently supported by the evidence.

ID.—WANT OF CONSIDERATION FOR TRANSFER—PLAINTIFFS WITHOUT TITLE—DEFENSE WITHOUT CROSS-COMPLAINT—SUPPORT OF DECREE.—

It appearing that under the issues made by the pleadings and the conclusion of the trial court thereon that there was no consideration for the transfer of the lots, it follows that plaintiffs were not entitled to have established any title in their favor; and, the consideration having totally failed, it was not essential that the defendants should have demanded by cross-complaint that the deed be canceled and delivered up, but they might, as they did, defend against plaintiffs' asserted right to title, and may maintain the decree as it was entered in their favor.

ID.—CONTINUOUS UNDISTURBED POSSESSION FOR NEARLY FOUR YEARS— CORROBORATIVE CIRCUMSTANCE AS TO ORIGINAL UNDERSTANDING.— Though the fact that the defendants and their predecessors in interest had been in possession of the lots and had paid taxes thereon for more than five years is insufficient to show a prescriptive title in plaintiffs, whose deed was less than four years before the commencement of the action, yet such continuous possession, without interference from November, 1902, until September, 1906, when they brought the action, was pertinent as a circumstance to corroborate the contention of defendants as to the original understanding when the deed was made.

APPEAL from an order of the Superior Court of Los Angeles County denying appellants' motion for a new trial. Frank F. Oster, Judge Presiding.

The facts are stated in the opinion of the court.

Bourdette & Bacon, Smith & Smith, and Frank James, for Appellants.

Willoughby Rodman, and Willis I. Morrison, for Respondents.

JAMES, J.—Action brought by plaintiffs to quiet title to certain lots of land in the townsite of Inglewood, in Los Angeles county. Judgment was in favor of defendants, and plaintiffs have appealed from an order denying a motion made by them for a new trial.

Prior to November, 1902, plaintiffs, as real estate agents and brokers, had been employed by defendant Freeman and his wife to negotiate the sale of property owned by said defendants at Inglewood. Some property had been sold under that agency and in November, 1902, there was pending a sale of a large amount of said property under negotiations made by

plaintiffs with parties representing the Inglewood Water Company. Defendant Archibald C. Freeman visited the office of plaintiffs one day while such negotiations were under way and there, at the suggestion of plaintiff Van Alstyne, made a deed, which was signed and duly acknowledged by himself and wife and purported to convey to plaintiffs title to the property in question in this action. This deed was placed among the papers of plaintiffs at their office, and two weeks later Freeman called and asked to examine it. It had never been recorded and Van Alstyne procured it from his files and handed it to Freeman. Freeman made some statement to the general effect that he wanted to check up the lines and took the deed away and refused to return it. There were some negotiations between counsel for Freeman and plaintiffs following in which Freeman's attorney endeavored to secure the consent of plaintiffs to have the deed placed in escrow along with other papers pertaining to the transfer of the property about which negotiations had been had, as before mentioned, but to this course plaintiffs refused to assent and the deed was left in the possession of Freeman's attorney. A controversy had arisen between plaintiffs and Freeman because it was claimed by Freeman that he had not been dealt fairly with by plaintiffs, his agents, in connection with the proposed pending sale of real estate, in that the agents, without his knowledge, proposed to secure for their own benefit a price in excess of that which they represented to Freeman as being the consideration for the proposed sale. Freeman took up the negotiations from this point on his own behalf and refused to recognize plaintiffs further in the matter, and completed the sale to the same parties, but upon different terms and conditions. Plaintiffs subsequently brought an action against Freeman to recover for alleged commissions earned on account of the sale of the latter's property, and in that action they were defeated, the court finding that they did not complete the sale of the property and were not entitled to any commission. Subsequently, Freeman transferred the property described in plaintiffs' complaint by deed to the Inglewood Water Company, and it in turn sold some of it to defendant Lloyd. Plaintiffs never obtained possession of any of the lots described in their deed, and rents were collected and taxes paid by Freeman and his subsequent grantees continuously down to the time that this

action was commenced, which was on September 21, 1906. In the answers of defendants it was denied that plaintiffs had any title to or interest in the lots, and it was further set up that there was a failure of consideration for the transfer of title, in that the property was intended to be given in payment of commissions to become due to plaintiffs and which in fact they did not earn. The defense of nondelivery of the deed was made also as an issue under the pleadings. The court found all of the facts in favor of defendants. The finding of the court that the lots in question were to be deeded to plaintiffs in payment of commissions, which the court also found they did not earn, cannot be disturbed for the reason that it is based upon conflicting testimony. Van Alstyne testified that the deed was by him requested to be given as a sort of additional compensation for services already rendered. Freeman testified that it was understood that the lots were to be given as compensation for services rendered for the consummation of the deal then pending, which contemplated the sale of his property to persons representing the Inglewood Water Company. It appeared also in testimony that plaintiff Stanton had testified at the trial had regarding commissions claimed to be due from Freeman, and while referring to the same deed, as follows: "If the deal went through it [the deed] was coming to us; if the deal did not go through it was to be delivered to Mr. Freeman. We had no desire to retain the deed." Proof of this statement was proper evidence of the understanding had regarding the consideration for the deed between the parties, and was corroborative of Freeman's statement that that consideration was payment of compensation for services rendered in completing the sale of his property. In *Kenney* v. *Parks,* 137 Cal. 531, [70 Pac. 557], it is said: "To constitute delivery of a deed it is not sufficient that there be a mere delivery of its possession, but this act must be accompanied with the intent that the deed shall become operative as such. (Citing authorities.) Here both parties understood that the deed could have no effect until recorded; and there was therefore no intent that it should become immediately operative, or that it should ever become operative during the life of the grantor, or afterward, unless the grantee should survive her." (See, also, *Black* v. *Sharkey,* 104 Cal. 281, [37 Pac. 939]; *Whitney* v. *American Ins. Co.,* 127 Cal. 467, [59

Pac. 897].) In this case, the court having adopted the contention of defendant Freeman that the lots were to be transferred to plaintiffs in payment of commissions not then earned and which were not thereafter earned, the inferential fact to be drawn therefrom, that the transfer of title, and consequently delivery of the deed, was not to be completed until such consideration had been fully executed, is sufficiently supported by the evidence. But if we assume that there was a complete delivery at the time the deed was made and given to Van Alstyne, we think, under the issues made by the plealdings and the conclusion of the trial court thereon, that there was no consideration rendered by plaintiffs to defendants for the transfer of the lots, and plaintiffs were not entitled to have established any title in their favor. The consideration having totally failed, we do not think that it was essential that defendants should have demanded, by cross-complaint, that the deed be delivered up and canceled by reason thereof, but that they might, as they did, defend against plaintiffs' asserted right to title and maintain the decree as it was entered in their favor.

Our conclusions on the questions we have discussed dispose of the vital matters involved, and it becomes unnecessary to consider the further points, of which there are a number, urged on behalf of appellants. The fact that defendants were in possession, by themselves and their predecessors in interest, and had paid all taxes levied against the property for more than five years prior to the commencement of this action, would not establish adverse title in their favor, because such title could not have been adverse to plaintiffs prior to the time when Freeman left the deed with Van Alstyne. Prior to that time there could have been no right or claim of title to be asserted on behalf of plaintiffs. However, evidence of the fact that plaintiffs did not obtain or seek to take possession of the property for a long period of time, to wit, from November, 1902, until September, 1906, when they brought this action, was pertinent as a circumstance at least tending to corroborate the contention of defendants as to the understanding had at the time the deed was made.

The order denying the motion for a new trial is affirmed.

Allen, P. J., and Shaw, J., concurred.