[Civ. No. 12301.  First Dist., Div. Two.  Mar. 8, 1943.]

DICKA KLEIN, Plaintiff and Appellant, v. FLORENCE M. FARMER, Defendant and Appellant; GEORGE A. GRAY, Respondent.

John L. McVey for Plaintiff and Appellant.

Rode, Burnhill & Rode and Lincoln Rode for Defendant and Appellant and for Respondent.

SPENCE, J.—Plaintiff brought this action to quiet title to a parcel of real property. Defendants Florence M. Farmer and George A. Gray filed an answer and also a cross-complaint seeking to quiet their title to said parcel. The cause was tried by the court sitting without a jury upon the above-mentioned pleadings together with plaintiff's amended answer to the cross-complaint.

It appears from said pleadings and from the evidence that plaintiff claimed title as the assignee of plaintiff's mother, Luella Cool, who was the sister and only heir at law of William Otto Emerson, deceased. It further appears that the two defendants claimed title to said parcel under two deeds, which it was claimed were executed and delivered by said deceased during his lifetime. In one of said deeds defendant Farmer was named as the grantee. It covered a portion of said parcel and was recorded shortly after the death of said deceased. In the other of said deeds defendant Gray was named as the grantee. It covered the remaining portion of said parcel and was likewise recorded shortly after the death of said deceased. It was plaintiff's claim that there had never been a valid delivery of either of said deeds and further, that the execution of said deeds was procured by the undue influence of the defendants. The trial court entered judgment in favor of plaintiff and against defendant

Farmer with respect to the portion of the parcel claimed by defendant Farmer. Said judgment was based upon the finding that the deed to said defendant had never been delivered. The trial court further entered judgment in favor of defendant Gray and against plaintiff with respect to the portion of the parcel claimed by defendant Gray. Said judgment was based upon finding that the deed to said defendant had been delivered and upon further findings with respect to the issue of undue influence which will be hereinafter discussed. Plaintiff appeals from the portion of said judgment in favor of defendant Gray. Defendant Farmer appeals from the portion of the judgment in favor of plaintiff. Both appeals are presented on a single typewritten transcript.

The deceased died on December 24, 1940, at the age of 85 years. He was a bachelor and had been a cripple since infancy. He was an artist and ornithologist and he maintained his interest and activity in these fields until his death. There is abundant testimony to show that while he suffered from and required assistance because of his physical disability, he was very alert mentally. He actively participated until the last in the work of the Boy Scouts of America, mainly by giving merit badge tests and, only three months before his death, he addressed a meeting of the Cooper Ornithological Club at the University of California. When his doctor called upon him at his home on the morning before his death, the doctor found him at his work stuffing a quail. It is the home place of the deceased near Hayward which constitutes the parcel of land which is the subject of this litigation.

Defendants Gray and Farmer were formerly husband and wife. Both had formerly been engaged in the real estate business. Defendant Gray had been well acquainted with the deceased since 1900 while defendant Farmer had been well acquainted with the deceased since 1918. The friendship was a very close one and both defendants performed many services for the deceased up to the time of his death. Defendant Farmer had had some experience as a practical nurse and, when the deceased became ill in 1932, she acted as day and night nurse for him for about six weeks without compensation. Thereafter deceased entered into an arrangement with defendant Farmer whereby she worked for him from 10 a. m. to 4 p. m. each day for $40 per month, carrying on her own business in the early morning and the evening. Later

defendant Farmer worked for deceased full time, living at his home and receiving $65 per month. This arrangement continued up to the time of the death of said deceased.

Defendant Gray described himself as a "helper, companion and friend" of the deceased. He testified in the probate court that the deceased consulted him "in almost all his business affairs." He frequently did errands for the deceased in attending to the deceased's affairs as the deceased was a cripple and was unable to get around without assistance. He described himself as the "feet" of the deceased. The record is replete with evidence of the numerous favors done by defendant Gray for the deceased. They were very close friends, they addressed each other in the most endearing terms, they had pictures taken together and they exchanged Christmas cards and gifts. Defendant Gray testified that he "visited and advised with him (the deceased) over those years." The close relationship was further evidenced by the fact that about eight or nine years before his death, the deceased endorsed securities of the value of about $30,000 and delivered them to defendant Gray to be delivered to plaintiff and her mother after the death of the deceased. Defendant Gray kept these securities in his own safe-deposit box throughout those years and delivered them, according to instructions, after the death of the deceased. It seems entirely clear from the testimony that the deceased depended upon defendant Farmer as his housekeeper, nurse and companion and depended upon defendant Gray as his devoted friend, confidant and adviser throughout the several last years of his life.

The deed in which defendant Farmer was named as grantee was dated February 7, 1933. The acknowledgment was dated February 8, 1933. Said deed was recorded on December 26, 1940.

The deed in which defendant Gray was named as grantee was dated July 7, 1937. The acknowledgment was dated July 14, 1937. Said deed was recorded on December 30, 1940.

### APPEAL OF DEFENDANT FARMER.

Defendant Farmer contends that the evidence was insufficient to sustain the finding of the trial court to the effect that the deed to defendant Farmer had never been delivered. In support of this contention said defendant calls

our attention to the admitted possession of the deed by said defendant after the death of the deceased and also to the testimony of said defendant with respect to the circumstances under which the deceased gave said defendant possession of said deed.

There is some discrepancy in defendant Farmer's testimony as to the exact circumstances relating to the alleged delivery but we do not believe these discrepancies to be material, particularly in view of the conclusions hereinafter set forth with respect to other testimony in the record. Defendant Farmer testified that the deceased agreed to give her a portion of the parcel in question and some stock if she would come and work for him and remain in his employ throughout his remaining years. She further testified that in the early part of 1934, he made the alleged delivery as follows: "He sealed the envelope (containing the deed and some stock) and he handed it to me, put a sticker on the back of the envelope and handed the envelope to me. 'Now Florence' he says, 'this shows I will keep my part of the bargain and you keep yours and it is yours so long as you stay with me. If at any time you leave my employ you are to give me that envelope back in the same condition in which I give it to you and if you are in my employ and I pass along,' he said, 'it is yours.' On the envelope, after it was sealed and a sticker put on it was 'To be opened at my death and put on record immediately,' when he passed away. After he passed away, I had it recorded as he said."

Basing her claims upon this testimony, defendant Farmer relies upon that which has been referred to in certain cases as "the much misunderstood rule laid down in section 1056 of the Civil Code." (See *Hotaling* v. *Hotaling*, 193 Cal. 368, 383 [224 P. 455, 56 A.L.R. 734]; *Kenney* v. *Parks*, 137 Cal. 527, 531 [70 P. 556].) It appears unnecessary, however, for us to determine here whether the above mentioned testimony, if entitled to full credit, would have required a finding of a valid delivery of the deed. There was other testimony in the record which, while contradicted by defendant Farmer, showed that defendant Farmer admitted to two witnesses after the death of the deceased that she had received the envelope containing said documents through the mail from an unknown source after the death of the deceased. This testimony, if believed by the trial court, discredited the above-mentioned

testimony of defendant Farmer regarding the alleged delivery during the lifetime of the deceased and was sufficient to support the finding that the deceased had never delivered the deed to said defendant. We therefore find no merit in the contention of said defendant that the evidence was insufficient to support said finding.

### APPEAL OF PLAINTIFF

Plaintiff's attack upon the portion of the judgment in favor of defendant Gray relates solely to the findings and evidence on the issue of undue influence. The finding that the deed to defendant Gray was delivered to him by the deceased is not challenged.

The amended answer to the cross-complaint contained many allegations directed at alleged duress and undue influence, as well as those directed at alleged non-delivery of the deeds. Several paragraphs were inserted purporting to allege the existence of a relation of trust and confidence between the deceased and the defendants and it was finally alleged in a sub-paragraph lettered (p) "That the execution of said deeds and each of them was not the free and voluntary act of said Emerson, but the making and execution thereof was procured by the duress and undue influence of said cross-complainants as hereinbefore alleged."

The trial court made the following findings with respect to the issues presented by said allegations: "The court finds that it is not true that during all or any part of the time of defendant George A. Gray's acquaintanceship with said Emerson, a relation of trust and confidence existed between them. The court further finds that by reason of the last preceding finding with respect to defendant George A. Gray, the allegations of paragraphs (l), (n), (o), and (p) of said amended answer to the cross-complaint are untrue."

Plaintiff contends (1) that confidential relations were established in this case by the testimony of defendant Gray; (2) that a presumption of undue influence arose; (3) that the only evidence against the presumption was the testimony of defendant Gray and (4) that in view of the situation thus presented, there was no finding, except as a conclusion of law, on the ultimate fact of undue influence.

The unusual nature of the findings in this case give rise to a rather unusual situation. Preliminarily it may be stated

that it is not claimed that there was any evidence whatever of duress and further that it is not claimed that there was any evidence of undue influence except that which may have arisen from the claimed presumption. But the trial court made no unqualified finding against the existence of duress or undue influence but only a finding that there was no duress or undue influence "by reason of the last preceding finding," in which last preceding finding it was found that no confidential relationship existed.

Plaintiff claims that all of the evidence showed that a confidential relationship within the meaning of the law existed between the deceased and defendant Gray and that the finding to the contrary is not sustained by the evidence. Our review of the evidence and the authorities leads us to the conclusion that there is merit in plaintiff's claim but we do not believe that it follows that a reversal is required. The important issue under the pleadings was whether or not the deed had been procured by duress or undue influence and not merely whether or not a confidential relation existed. The great preponderance of the evidence clearly shows that the deceased had an active, alert and independent mind and that his act in executing and delivering the deed was his free and voluntary act and that it was not procured by duress or undue influence as alleged in the amended answer to the cross-complaint. We believe it appropriate under the circumstances for this court to make a finding to that effect under the powers granted by article VI, section 4¾ of the Constitution and section 956a of the Code of Civil Procedure.

It is therefore ordered that the findings be amended by adding thereto the following finding: "That the execution of the deed to defendant Gray was the free and voluntary act of William Otto Emerson, deceased, and that neither the execution or delivery thereof was procured by the duress or undue influence as alleged in the amended answer to the cross-complaint or otherwise." With this amendment to the findings, the portions of the judgment appealed from are affirmed.

Nourse, P. J., concurred.

A petition for a rehearing was denied April 7, 1943; and appellant Farmer's petition for a hearing by the Supreme Court was denied May 6, 1943.